1

——2:24-cr-00018-RFB-MDC——

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,          )
                                   )   Case No. 2:24-cr-00018-RFC-MDC
              Plaintiff,           )
                                   )   Las Vegas, Nevada
       vs.                         )   Wednesday, December 17, 2025
                                   )   10:06 a.m.
TANNER LUCAS CASTRO,               )
                                   )   STATUS CONFERENCE
              Defendant.           )
_____)   *C E R T I F I E D   C O P Y*

REPORTER'S TRANSCRIPT OF PROCEEDINGS

THE HONORABLE RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE

APPEARANCES:
For the Plaintiff:
     **AFROZA YEASMIN, AUSA**
     UNITED STATES ATTORNEY'S OFFICE
     501 Las Vegas Boulevard South, Suite 1100
     Las Vegas, Nevada 89101
     (702) 388-6336

For the Defendant:
     **RICHARD A. SCHONFELD, ESQ.**
     **DAVID Z. CHESNOFF, ESQ.**
     CHESNOFF & SCHONFELD
     520 South Fourth Street
     Las Vegas, Nevada 89101
     (702) 384-5563

COURT REPORTER:     Patricia L. Ganci, RMR, CRR
                    United States District Court
                    333 Las Vegas Boulevard South, Room 1334
                    Las Vegas, Nevada 89101

Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

LAS VEGAS, NEVADA; WEDNESDAY, DECEMBER 17, 2025; 10:06 A.M.

--oOo--

P R O C E E D I N G S

COURTROOM ADMINISTRATOR:  Good morning.  The matter now before the Court is the United States of America versus Tanner Lucas Castro, Case Number 2:24-cr-018-RFB-MDC.  Counsel, please make your appearances, beginning with the Government.

MS. YEASMIN:  Good morning, Your Honor.  Afroza Yeasmin for the United States.

MR. CHESNOFF:  If it please the Court, Your Honor, David Chesnoff and Richard Schonfeld present with our client. Mr. Castro is out of custody.

THE COURT:  Good morning.

I set this for a status conference to cover a few things.  We're set for trial next week.  I am going to tell you all this, although the written order has not been filed.  I'm going to deny the motion to dismiss in this case, but I will consider, depending upon how the case comes in, an adverse inference instruction.

Now, usually that depends upon me seeing how the Government is going to present its case, Mr. Chesnoff or Mr. Schonfeld, as it relates to the evidence that could have potentially been preserved.  So the nature of what that instruction might be or how it would appear will depend in part on how the Government presents its case.

And so I'm going to reserve on the nature of what that looks like, but I think it would be appropriate in this instance to give some type of instruction potentially to the jury regarding evidence that could have, but was not preserved.

So with that, I will start with the Defense because this is usually where it starts. Are we prepared to go to trial in February? Are we planning to do that? Are you all going to be seeking additional time? I say that only because we have a fairly tight trial schedule and I'm trying to coordinate that and preserve that trial slot if you need it. If you want additional time, you can request it as Mr. Castro is out of custody, and you may still have to go behind someone who is in custody potentially. But I wanted to check in and see if there's anything else that you all might want or need.

MR. SCHONFELD: Your Honor, I think given the Court's ruling we probably would be seeking some additional time. There's a couple of things that we were contemplating doing that require some resources that we were hoping not to have to expand depending upon the Court's ruling. So it would be our request for a continuance of the trial.

THE COURT: Okay. Well, and the other aspect to this, Mr. Schonfeld and Mr. Chesnoff, is while I'm denying the motion to dismiss, there had been a request as it related to this other individual who was part of this operation. I am not preventing you from seeking additional information related to that. So I

2:24-cr-00018-RFB-MDC

wanted to be clear that my ruling's not going to say that you can't seek to obtain additional information.  You can try to work out with the Government information related to this individual through some sort of protective order.

But I definitely think it would be appropriate, Ms. Yeasmin, for the Defense at least to have access to information.  I don't know what information's been shared about this individual and their history with law enforcement, but I do think that that's information that ultimately would have to be disclosed to the Defense.  While I didn't order that in the context of the motion to dismiss because I didn't think that I needed it, there was a request for this additional information and additional witness which I denied, but, again, I don't think that the Defense should be denied access to information about this particular individual.

MS. YEASMIN:  Yes, Your Honor.  There have been conversations between counsel and I in regards to discovery related to any of the confidential human sources that we would call.  Any discovery obligations we do have related to that would be provided in a timely manner with sufficient time ahead of what the actual trial date would be.  I think that conversation is still ongoing.  I don't believe there's been a lack of meeting of the minds.  I think the subject of the motion was about specifically requiring their attendance at trial.

But to your point, Your Honor, yes, conversations

2:24-cr-00018-RFB-MDC

regarding additional information or our discovery obligations related to the CHSs are still ongoing with counsel ahead of what will be the trial date.

THE COURT:  Thank you.

MR. SCHONFELD:  Your Honor, just so we're clear, our position would be that we would be entitled to the information whether or not the Government is going to call the witness because, perhaps, we would want to call the witness.

THE COURT:  I would agree with that --

MR. SCHONFELD:  Thank you.

THE COURT:  -- Ms. Yeasmin.  So I think they're entitled to the information regardless.  I didn't hear you saying that they weren't, so we're clear.

The other thing I would say, Ms. Yeasmin, in a case like this, I'm not sure that the same concerns there are with undercovers would apply in the context of waiting to disclose the information.  In undercover operations involving drugs or other things, there are very good reasons why the disclosure of informants' information comes very close to trial to protect what might be ongoing operations related to those individuals.

In this situation I'm not sure I think it's necessary to wait until literally right before the trial date to provide that information about these individuals because I would anticipate the Defense is going to ask them or want to ask them, potentially interview them, or at least call them to ask about

2:24-cr-00018-RFB-MDC

their connection with law enforcement, how long they've worked with law enforcement, any sort of --

MS. YEASMIN:  Your Honor, the Government --

THE COURT:  -- compensation.

MS. YEASMIN:  Oh, I apologize.  I did not mean to interrupt.

THE COURT:  That's all right.  Go ahead.

MS. YEASMIN:  The Government does also agree that our timelines for these particular confidential human sources are different from other more covert, more immediate investigations. With that being said, we will take that into consideration when we disclose whatever's required of us.  However, at the time that it was originally being discussed with the litigation that was pending, as well just the amount of time and steps that were going to need to be taken ahead of the actual trial date, it was a premature request that could put other aspects into jeopardy without necessarily needing having to be.

So we do take under advisement that there are different timelines and we will timely abide by our obligations.  Our conversations are ongoing.  And I imagine now that we have this ruling and we have the upcoming court date, our resolutions as to what each of our positions are or other litigation that will need to happen will be happening very quickly.

THE COURT:  Thank you.

So what I would direct counsel to do is meet and confer

—————————2:24-cr-00018-RFB-MDC—————

about a likely trial date, then we can work backwards from there.  If you're going to move it back, I will tell you right now the windows that you would have would probably be either April or -- do we have May or is it June?

(Court conferring with courtroom administrator.)

THE COURT:  How long do we think this trial would take?  It doesn't seem it would take a whole week.

MR. SCHONFELD:  A week -- sorry.

MS. YEASMIN:  I -- the Government can probably present our entire case-in-chief in two days at most, including jury selection, and then the time that counsel will need for theirs.

MR. SCHONFELD:  We figured a total of a week, Your Honor, but sometimes it can take a little more time to pick a jury in this type of case than other types of cases.  But we figured a week.

THE COURT:  Okay.  All right.

So you're looking probably sometime mid to late April up to the middle of May as probably the first window, and then after that you'd be looking at, sort of, late June, and then after that you'd be looking actually probably September, so just to give you some rough windows of time.  And then we can work backwards from those dates related to disclosure.

MR. CHESNOFF:  We have very good open lines of communication with the Government, Your Honor.

THE COURT:  All right.

PATRICIA L. GANCI, RMR, CRR   (702) 385-0670

2:24-cr-00018-RFB-MDC

Okay.  Well, is there anything else, then, we need to do today?  Ms. Yeasmin?

MS. YEASMIN:  No thank you, Your Honor.

MR. CHESNOFF:  No thank you, Your Honor.

MR. SCHONFELD:  No.  Thank you.

THE COURT:  All right.  Thank you all for your time.  I appreciate you all being here.  We'll be adjourned.  Happy holidays to you.

MR. CHESNOFF:  Same to you, Your Honor.

MR. SCHONFELD:  Thank you, Your Honor.

MS. YEASMIN:  Happy holidays, Your Honor.

MR. CHESNOFF:  Same to all of you.

THE COURT:  Take care.

(Whereupon the proceedings concluded at 10:15 a.m.)

--oOo--

COURT REPORTER'S CERTIFICATE

I, PATRICIA L. GANCI, Official Court Reporter, United States District Court, District of Nevada, Las Vegas, Nevada, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Date:  January 8, 2026.

/s/ **Patricia L. Ganci**

Patricia L. Ganci, RMR, CRR

PATRICIA L. GANCI, RMR, CRR   (702) 385-0670